## WEBSTER v. CRUMP.

No. 16405—Opinion Filed May 4, 1926.

1. **Appeal and Error—Appealable Orders—Quashing Summons.**

An order quashing the summons and setting aside the service made upon the defendant is a final order which is reviewable in the Supreme Court.

2. **Appearance—Waiver of Defective Process by Questioning Jurisdiction of Subject-Matter.**

Where a defendant denies the jurisdiction of the court over his person, he may, by special appearance, present that single question; but. where, in the same motion, he presents questions calling for a ruling of the court upon the sufficiency of the facts stated in the petition to constitute a cause of action and jurisdiction of the court over the subject-matter, he thereby enters a general appearance and waives all defects in the process by which he was brought into court.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Seminole County; James Hepburn, Assigned Judge.

Action by Grady L. Webster against George C. Crump. Judgment for defendant quashing the summons and setting aside the service, and plaintiff appeals. Reversed.

J. A. Patterson, Stuart, Sharp & Cruce, C. Guy Cutlip, Creece & Cookley, and Kelly Brown, for plaintiff in error.

J. W. Willmott, J. C. Looney, and R. J. Roberts, for defendant in error.

Opinion by RAY, C. Plaintiff appeals from an order quashing the summons and setting aside the service. The defendant says it is not an appealable order.

In the case of Richardson et al. v. Howard. 51 Okla. 240, 151 Pac. 887, language is used indicating that an order quashing service is not an appealable order, but it was expressly stated that a decision of the question was not necessary to a proper disposition of the case, and that the question was not there determined. Section 780, C. S. 1921, authorizes an appeal to this court from a final order. A final order is defined by section 781:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."

We think an order quashing the service of summons in effect determines the action and prevents a judgment, and is an affecting a substantial right in the action. The Supreme Court of Kansas. speaking through Mr. Justice Johnson, in the case of Newbury et al. v. Ark.. K. & C. Ry. Co., 52 Kan. 613, 35 Pac. 210, held:

"A ruling quashing the summons, and setting aside the service made upon the defendant, is a final order, which is reviewable in the Supreme Court."

The contention of the plaintiff is that the motion to quash and dismiss was a general appearance and cured all defects in the summons and service, although it was denominated "Special appearance and motion to quash and to dismiss." Following is the motion:

"Special Appearance and Motion to Quash and to Dismiss.

"Comes now the defendant appearing specially for the purposes of this motion and not otherwise, moving the court to quash the pretended summons and the pretended return herein and to dismiss plaintiff's petition, and for cause on oath he says:

"That this defendant is a resident in good faith and bona fide of Hughes county, Okla.

"That the clerk of this court was and is without authority or warrant of law to issue process herein for service upon the defendant in Hughes county, Okla.

"That no summons was ever issued, served or returned herein as by law prescribed.

"That no petition was ever filed herein authorizing the issuance of any summons.

"That plaintiff, in his pretended petition, attempts to plead a state of facts whch do not constitute a cause of action within the jurisdiction of this court, under the laws of the state of Oklahoma, but which renders said pretended petition violative of public policy and the laws of the state.

"That the court is wholly without jurisdiction to hear, and no issue can be joined upon the facts attempted to be alleged in said petition. and no jurisdiction was acquired by reason of said pretended summons, the pretended service and return thereof.

"That this court is wholly without jurisdiction of the person of the defendant, and is wholly without jurisdiction of the subject-matter hereof.

"Wherefore, premises considered, defendant prays that the pretended summons and the pretended return thereof, be quashed. set aside, and held for naught, and that this cause be dismissed for want of jurisdiction."

The material part of the order sustaining the motion is as follows:

"Now, on this the 4th day of April, 1925.

tnere comes on for hearing in the above entitled cause, before the Hon. James Hepburn, district judge, assigned, the motion of defendant to quash and dismiss, and the court after hearing the argument of counsel and being fully advised in the premises, finds that the same should be sustained, in part.

"It is, Therefore, Ordered, Considered, Adjudged and Decreed by the court that the motion of the defendant designated 'Special appearance and motion to quash and to dismiss' be and the same is hereby sustained as to that part of the motion seeking to quash the summons, to all of which the plaintiff excepts, and exceptions allowed.

"It is Further Ordered, Considered, Adjudged and Decreed that, that part of the motion seeking to dismiss said cause be and the same is hereby overruled, to all of which the defendant excepts, and exceptions allowed."

It is the settled rule in this state that where a defendant denies the jurisdiction of the court over his person, he may, by special appearance, first present that single question: but where he joins with the jurisdictional question other questions involving the merits of the action, and asks for affirmative relief, he thereby waives all defects in the summons and the service of the summons, and enters a general appearance. Welch v. Ladd, 29 Okla. 93, 116 Pac. 573; Nichols & Shephard Co. v. Baker, 13 Okla. 1. 73 Pac. 302; Rogers v. McCord-Collins Mer. Co., 19 Okla. 115, 91 Pac. 864; Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738; City Nat. Bank v. Sparks, 50 Okla. 648, 151 Pac. 225; C., R. I. & P. Ry. Co. v. Aust'n, 63 Okla. 169, 163 Pac. 517. Whether an appearance is general or special does not depend upon the form of a pleading, but upon its substance. Haynes v. City Nat. Bank, 30 Okla. 614, 121 Pac. 182.

The defendant. by pleading that the facts stated in the petition did not constitute a cause of action within the jurisdiction of the court, and that no issue could be joined upon the facts attempted to be alleged in the petition, and that the court was wholly without jurisdiction of the subject-matter, and praying that the cause be dismissed for want of jurisdiction, entered a general appearance, and thereby waived all defects in the summons and service of the summons. It was error to quash the summons and set aside the service after the defendant had entered a general appearance.

The defendant having filed no cross-petition in error, the question as to whether his motion to dismiss the cause should have been sustained is not here for decision. The order of the trial court quashing the summons and setting aside the service is reversed, and the case remanded for further proceedings.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 479 § 305. (2) 4 C. J. p. 1316 § 3; p. 1318 § 5.