**ANTHONY v. SMOOT et al.**

No. 28234.    June 7, 1938.

Miller, Lytle & Wildman and Pex H. Anspaugh, for plaintiff in error.

G. R. Horner, for defendants in error.

RILEY, J. This is an appeal from an order of the district court of Okmulgee county denying application for appointment of a receiver by plaintiff in error, who is plaintiff below, in an action to foreclose a mortgage. The order is in the nature of an interlocutory order, but is appealable under the provisions of section 780, O. S. 1931, as amended by section 1, ch. 3, S. L. 1935.

Plaintiff first complains of an order sustaining a motion to quash the summons and service thereof for certain irregularities.

The action of the court in said matter has no bearing on the appeal. Plaintiff did not stand on the summons and service thereof as made, but obtained issuance of alias summons which was regularly served before the hearing on the application for appointment of a receiver.

The defendant was also served with notice of the application. The defendant was before the court, and the question as to the service of the original summons became moot.

The principal question presented is that the court erred in denying the application for appointment of a receiver under the showing made by plaintiff.

Plaintiff claimed a balance due on the note sued upon of about $3,900, and attorney's fee of $405.72.

The mortgage covers an undivided one-half interest in 160 acres of land near Mounds.

Plaintiff produced evidence tending to show that the value of the land in question is about $20 per acre, making the value of defendant's interest therein about $1,600.

Defendant testified that he paid $5,000 for his interest in the land some 15 years prior to the hearing. He does not seriously contend that his interest in the land is now worth the amount of the mortgage, except for some speculative value caused by operations for the production of oil on adjoining land, and about to be commenced on the land in question.

The evidence shows that the land was rented for the year 1937 for crop rent, and that defendant's share of the rental was probably less than $100. At the time of the trial the rents thus far going to defendant were less than $75.

The trial court made no finding as to the value of the land. The finding of the court was general.

Plaintiff contends that he was entitled to an order appointing a receiver as a matter of right under the showing made.

Section 773, O. S. 1931, provides that a receiver may be appointed in an action to foreclose a mortgage when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt. It is upon the latter provision that plaintiff relies.

Defendant contends that the appointment of a receiver is always within the sound judicial discretion of the trial court, and that there is no showing of abuse of discretion in this case.

In Tolbert v. Chisholm, 163 Okla. 92, 21 P.2d 16, it is held:

"Under the provisions of section 518, O. O. S. 1921, subdivision 2 (O. S. 1931, sec. 773), the appointment of a receiver is left to the sound judicial discretion of the trial court, and where conflicting evidence appears in the record, this court will not disturb an order refusing to appoint a receiver, when it cannot be determined from such record that there was an abuse of discretion on the part of the trial court."

While it may be said that there is but little, if any, conflict in the evidence in this case as to the value of the mortgaged premises, it appears that there are other matters which render it not an abuse of discretion to refuse to appoint a receiver.

The additional expense and the small probable income available for application on the mortgage debt clearly justified the court in its order.

There is no allegation in the petition and no showing that defendant had permitted the taxes on the property to become delinquent. If a receiver be appointed, it would be his duty to pay taxes and expenses of the receivership out of the income from the property. It is apparent at a glance that plaintiff's share of the probable income would be insufficient to pay this necessary expense. A receiver could be of but

little, if any, benefit to plaintiff, and could easily give rise to complications and controversies over the management of this undivided one-half interest in the land.

Sound judicial discretion must take into account all the circumstances of the case, and be exercised for the promotion of the ends of justice and for the protection of the rights of all the parties interested in the controversy and the subject matter. Tolbert v. Chisholm, supra.

In this case, if plaintiff's claim be true, no payment of principal or interest has been made for nearly five years. He stood by without apparent concern all these years, and suddenly decided that a receiver, with all the attendant expense and annoyance, was necessary.

Plaintiff contends that the court erred in permitting defendant to testify concerning certain intended defenses to plaintiff's action.

This evidence, if conceded to be incompetent, had no bearing on the court's ruling and would not justify a reversal.

There being no abuse of discretion, and consequently no error, the judgment is affirmed.

PHELPS, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., BAYLESS, V. C. J., and WELCH and DAVISON, JJ., absent.