HARDER, Adm'r, v. WOODSIDE et al.

No. 31649. Feb. 5, 1946.

*165 P. 2d 841.*

Dennis Wright, of Harrah, for plaintiff in error.

G. C. Abernathy and Kenneth Abernathy, both of Shawnee, for defendants in error.

BAYLESS, J. This appeal is from the district court of Pottawatomie county and involves issues arising from the attempt to commence an action to foreclose a real estate mortgage.

A petition was filed April 14, 1937, two days before the statute of limitations would run against the cause of action. There is evidence that a summons was issued at the same time. There is evidence that although this summons was actually served it was never returned to the court clerk's office by the sheriff, and only copies thereof, not containing the endorsement of service thereof, appear in the record.

May 15, 1937, a special appearance and motion to quash was filed by the defendant and was sustained June 24, 1937, and alias summons ordered issued. The order sustaining the motion to quash was an appealable order. Webster v. Crump, 117 Okla. 244, 246 P. 423. When this motion to quash the summons was sustained, the plaintiff

had an issue election; he could appeal, as above noted, or he could issue alias summons. The general rule is that if the first summons is issued and served, the alias summons becomes the original summons and the one on which the jurisdiction of the court depends, 20 Encyc. Pl. and Pr., 1178. This appears to be the rule this court had in mind in Anthony v. Smoot, 183 Okla. 85, 80 P. 2d 259, in ruling on a somewhat similar issue. There the first summons was quashed and an alias summons issued and served. On appeal we declined to consider whether error was committed in sustaining the motion to quash, saying that the plaintiff's failure to rely on the first summons and issuing and serving the alias summons made the issue moot. We think that rule applies here, and when plaintiff acquiesced in the court's ruling and issued and served an alias summons he thereby abandoned any reliance on the correctness of the first summons and its service and waived the right to thereafter question the correctness of the court's ruling.

The record does not reflect the praecipe for the alias summons nor the alias summons, but there is evidence an alias summons was issued and served on the defendant. July 24, 1937, the defendant filed a special appearance and motion to quash alias summons and on August 12, 1937, this motion was overruled, and the defendant allowed time within which to plead. Following the above rule, jurisdiction of defendant in this case must rest on the alias summons. Huff v. Shepard, 58 Mo. 242.

August 23, 1937, the defendant filed a demurrer to the plaintiff's petition. November 4, 1937, while this demurrer was still pending, the plaintiff filed a response thereto wherein it was set out that the original summons had actually been served, but lost, and the trial court had committed error in sustaining the motion to quash the original summons and asking that the order of June 24th sustaining the motion to quash be vacated. This response was later amended to include an application to supply for the record a true and correct copy of the lost original summons. The defendant filed a motion to strike this pleading of the plaintiff's.

On January 24, 1938, this demurrer and the plaintiff's response came on for hearing and at the conclusion of the hearing, at which evidence was introduced to prove that the original summons had actually been served upon the defendant in the action, the trial court entered an order denying the application to vacate the order of June 24, 1937, sustaining the motion to quash. On February 21, 1938, upon further hearing, the court sustained the demurrer to the plaintiff's petition, apparently on the theory that the failure of the plaintiff to obtain service of summons upon the defendant within 60 days from the filing of the petition permitted the statute of limitations to run against the cause of action. Plaintiff thereafter obtained extensions of time within which to appeal in pursuance of the notice of intention to appeal given in connection with the order of February 21, 1938.

However, this appeal does not follow the order sustaining the demurrer, but is taken from the ruling of the district court, as late as 1943, on the last of a series of proceedings (alternately by plaintiff and defendant) to vacate and reinstate the earlier orders quashing service of summons and sustaining the demurrer.

We are of the opinion there is no merit in the appeal. In addition to the ruling above on the effect of failing to appeal from an order sustaining the motion to quash, the motion to vacate the ruling was not filed during the term, when the court has full discretion to vacate its orders (Pitts v. Walker, 188 Okla. 17, 105 P. 2d 760, and many other cases) but was filed in a succeeding term, which made its disposition subject to statute, 12 O. S. 1941 § 1031 et seq. The ground upon which it was based, to wit, error of the court, is not a ground specified in section 1031, supra. As said in McCornack v. Fleming, 70 Okla. 50, 172 P. 952, a

trial court cannot at a subsequent term vacate, set aside, or modify a final order for mere errors of law that were subject to review. Therefore, the trial court had no power to grant the motion filed November 4, 1937.

We are of the opinion that the trial court correctly sustained the demurrer to the petition. Under the decision in Cowley-Lantner Lumber Co. v. Dow, 150 Okla. 150, 300 P. 781, construing the statute, supra, when more than 60 days elapsed between the filing of the petition and issuing of the first summons and the issuing of alias summons following the quashing of the service of the first summons, the action died. The effect of permitting this action to die in this manner was to allow the statute of limitations to run against the cause of action on the note and mortgage. When the demurrer to the petition then came on for hearing, the record before the court was plain: A petition filed April 14, 1937, and no service of process until at least 71 days thereafter; and a note and mortgage against which the five-year statute of limitations ran April 16, 1937. The order sustaining the demurrer was correct. Cowley, etc., v. Dow, supra. The order was appealable. Nation v. Chism, 154 Okla. 50, 6 P. 2d 766. Plaintiff did not effect the appeal from this order, but brings this appeal from an order vacating an order that vacated the order sustaining the demurrer.

It is obvious from what has been said by us that plaintiff omitted any attempt to appeal from the order sustaining the motion to quash, and that the record as it existed when the demurrer was presented and considered and sustained was in such state that no other ruling was permissible on the demurrer and no amendment could be effectual.

The judgment appealed from is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.