Curtis M. PARTON and Curtis M. Parton, Jr., co-partners dba Parton & Parton, Plaintiffs in Error,

v.

Scott IVEN and Glen Marlow, Defendants in Error.

No. 38798.

Supreme Court of Oklahoma.

July 19, 1960.

William D. Lunn, Muskogee, for plaintiffs in error.

Jack Bliss, Tahlequah, for defendants in error.

BERRY, Justice.

In this action plaintiffs in error, Curtis M. Parton and Curtis M. Parton, Jr., co-

partners dba Parton & Parton, hereafter referred to as "plaintiffs", sought to recover a money judgment against the defendant in error, Glen Marlow, hereafter referred to as "defendant".

On January 22, 1959, which was the date this action was filed, a summons was issued. The summons was served on defendant the following day. The summons was not served on Scott Iven who was named as the other party defendant in the petition and summons. Scott Iven is not a party to this appeal. The summons was defective in that it was not dated and failed to fix the time within which the defendant should answer and the time within which the sheriff should make his return.

On March 26, 1959, an alias summons was issued pursuant to praecipe filed by plaintiffs' attorney. This summons, which was in all things regular, was served on defendant March 27, 1959. The alias summons was issued and served after the time fixed by applicable statute of limitation for filing instant action had expired.

On March 31, 1959, defendant filed a motion to quash the summons first referred to. Thereafter, plaintiffs filed an application for leave to amend the original summons "by inserting therein the date of issue of said summons, to-wit: January 22, 1959 and by inserting therein the answer and return date respectively, to-wit: February 21, 1959 and February 1, 1959." The original summons was unquestionably vulnerable to the motion to quash unless the defects therein were cured by the amendments suggested by plaintiffs.

Plaintiffs contend that the original summons was not void; that it was subject to being amended in accordance with their application; that the trial court erred in not permitting them to so amend the summons and erred in sustaining the motion to quash the original summons.

We are of the opinion that under the facts of this case, plaintiffs' action in causing an alias summons to issue which was served, must be said to have waived and abandoned their asserted right to amend the original summons, and for said reason they are not in a position to assert that the trial court erred in entering the complained-of judgment. In Harder v. Woodside et al., 196 Okl. 449, 165 P.2d 841, we held in substance that where an original summons is defective and an alias summons is issued and served the alias becomes the original; that by issuing the alias summons the plaintiff abandons reliance upon the original summons and its service and waives the right to question the court's ruling on a motion to quash the original.

We are of the opinion that for reasons stated, the judgment of the trial court must be affirmed.

DAVISON, C. J., WILLIAMS, V.C.J., and JOHNSON, BLACKBIRD and IRWIN, JJ., concur.

JACKSON, J., concurs in result.