**S. H. MARKS and Norma Marks,**
**Plaintiffs in Error,**

**v.**

**McCUNE CONSTRUCTION COMPANY, a co-partnership composed of W. O. McCune and Orville McCune, Defendants in Error.**

No. 39527.

Supreme Court of Oklahoma.

April 3, 1962.

Brown & Garrison, Tulsa, for plaintiffs in error.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph A. Sharp, Thomas L. Palmer, O. H. "Pat" O'Neal, Tulsa, for defendants in error.

DAVISON, Justice.

This is an appeal by S. H. Marks and Norma Marks (plaintiffs below) from orders of the lower court sustaining the motions to quash and plea to the jurisdiction of the court filed by the defendant McCune Construction Company, a co-partnership consisting of W. O. McCune and Orville McCune, and dismissing plaintiffs' action.

Plaintiffs instituted their action on March 8, 1960, seeking to recover damages for breach of a written contract dated March 9, 1955, made in connection with the purchase of real estate and improvements, as modified by later letters written July 15, 1955, and July 31, 1955. After return of the original summons the plaintiffs filed præcipe and an alias summons was issued by the court clerk and served and returned by the sheriff. The defendant filed motion to quash this summons and return. On April 14, 1960, the lower court sustained the motion to quash and ordered that a second alias summons be issued.

The second alias summons was issued. It was returned by the sheriff "not found." For some reason the defendant filed a motion to quash this second alias summons. The lower court sustained the motion to quash and ordered a third alias summons be issued.

On June 14, 1960, the third alias summons was issued by the court clerk and was served and returned by the sheriff. The defendant filed a "MOTION TO QUASH AND PLEA TO JURISDICTION" alleging the court had neither venue nor jurisdiction over the defendant and

that the summons was not issued, served, and returned according to law. On October 28, 1960, the lower court sustained the motion and plea and dismissed the action. The order does not recite any reason or grounds for the lower court's action. Plaintiffs have perfected their appeal to this court.

Plaintiffs first urge that the lower court erred in making its order of April 14, 1960, quashing the first alias summons. This alleged error cannot be presented or urged in this appeal. The plaintiffs did not appeal from the order. They procured the issuance of a second and third alias summons. The effect of this procedure was to render moot the question of error in the order quashing the first alias summons and the service thereof.

In Harder v. Woodside, 196 Okl. 449, 165 P.2d 841, we held that an order quashing the summons and setting aside the service made on the defendant is a final order which is reviewable in the Supreme Court and that the question of error in the order is moot where an alias summons has been issued and served. Therein we stated:

"* * * when plaintiff acquiesced in the court's ruling and issued and served an alias summons he thereby abandoned any reliance on the correctness of the first summons and its service and waived the right to thereafter question the correctness of the court's ruling."

See also Parton v. Iven, Okl., 354 P.2d 210.

Plaintiffs also urge the lower court erred in making its order of October 28, 1960, sustaining the motion to quash and plea to the jurisdiction of the court, and dismissing the action. As stated above the order does not set forth the grounds for making such order.

Defendant's brief does not point out or argue that there were any defects in the issuance, service and return of the summons.

However defendant argues in support of the lower court's action that plaintiffs' action for breach of a written contract is barred by the five year Statute of Limitations and cites 12 O.S.1961 §§ 95 and 97. The record does not reflect that this question or issue was presented to the lower court by any pleading filed by defendant and such defense cannot be raised for the first time on appeal to this court. Defendant cites no authorities holding that the Statute of Limitations may be raised by a motion to quash and plea to the jurisdiction of the court and our independent research has not disclosed any such authority.

A plea invoking the statute of limitations is a defensive plea. Southwestern Surety Ins. Co. v. Walser, 77 Okl. 240, 188 P. 335, 337.

The statute of limitations is an affirmative defense which must be pleaded by the party asserting or claiming it, and when it is not pleaded, it is waived, and the Supreme Court will not consider the defense when raised initially on appeal. Straub v. Swain, Okl., 296 P.2d 147, 148.

In Howard v. Jeffrey, Okl., 268 P.2d 897, 44 A.L.R.2d 803, we held that the defense of the statute of limitations may be raised by demurrer when the petition shows on its face that the cause is barred by limitations. However, where the petition does not show on its face that the cause of action is barred by the statute of limitations, such defense cannot be raised by demurrer, but must be specifically pleaded. Liberty Nat. Bank of Weatherford v. Brommer, 172 Okl. 244, 45 P.2d 85.

In view of the circumstances and under the above authorities we are constrained to hold that the lower court erred in its order of October 28, 1960, when it sustained the defendant's motion to quash and plea to the jurisdiction of the court and dismissed plaintiffs' action.

Affirmed in part and reversed in part with directions to reinstate plaintiffs' cause of action and proceed in accordance with the views herein expressed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.