Jackson R. JONES, Plaintiff in Error,

v.

Raymond G. HAMMOND,
Defendant in Error.

No. 41494.

Supreme Court of Oklahoma.

Oct. 25, 1966.

Houston, Klein & Davidson, by Lee Grigg and Richard T. Sonberg, Tulsa, for defendant in error.

Jack B. Sellers, Sellers & Woodson, Sapulpa and Drumright, Joe A. Moore, Memphis, Tenn., of counsel on the brief, for plaintiff in error.

IRWIN, Justice.

The parties will be referred to as they appeared in the trial court. Plaintiff alleged in his petition that he sustained personal injuries and property damages as the result of a collision on May 30, 1962, between the automobile he was driving and

a station wagon owned by the defendants Raymond G. Hammond and Richard M. Hammond, a copartnership, d/b/a Hammond Electric Company and driven by the defendant Raymond G. Hammond. The sole defendant involved in this appeal is Raymond G. Hammond.

This action was filed on May 28, 1964, and summons was issued on the same date. The deputy sheriff certified in his return that service was made by delivering true copies of the summons to all defendants including the defendant Raymond G. Hammond on May 29, 1964. All defendants filed a joint motion to quash summons on June 29, 1964, reciting that the summons "was not issued, served nor returned according to law".

On August 13, 1964, defendant Raymond G. Hammond filed in the case the sworn statement of deputy sheriff W. A. Raiford, Sr., reciting that in serving the summons he left three copies thereof with the defendant Richard M. Hammond at the place of business of Hammond Electric Company, one for delivery to Raymond G. Hammond but did not personally deliver a copy to Raymond G. Hammond who was not at the place of business at the time the service was made.

On August 14, 1964, defendant also filed affidavits of the defendants Raymond G. Hammond and Richard M. Hammond to the effect that Raymond G. Hammond was not served personally with summons but that all three copies of the summons were delivered to Richard M. Hammond at the place of business of the Hammond Electric Company which was not the residence of Raymond G. Hammond at the time when Raymond G. Hammond was absent from the place of business.

On August 21, 1964, a hearing was held on the motion to quash summons. The deputy sheriff Raiford, and the two Hammonds testified to substantially the same facts recited in their affidavits. The court sustained the motion to quash and on August 25, 1964, plaintiff filed a praecipe for alias summons to the defendant Raymond

G. Hammond. The summons was properly served upon him on August 30, 1964. The court overruled a motion to quash the alias summons.

On February 5, 1965, the defendant Raymond G. Hammond filed a demurrer, Motion to Strike and Motion to Make More Definite and Certain, in which he specifically alleged that the petition and the alias summons and return made thereon show on their face that the "action was not commenced within two years next after the alleged cause of action accrued, and the alleged action is therefore barred by the statute of limitations, as provided for in Title 12 O.S.A. Section 95, subsection 3." The trial court sustained the special demurrer on the ground plaintiff's action was barred by limitations and plaintiff perfected this appeal from the order overruling his motion for a new trial.

■ Plaintiff argues that the allegations of the motion to quash challenging the original service of summons are insufficient to justify the action of the court in sustaining the motion to quash; and that the evidence is insufficient to sustain the judgment of the court. Plaintiff is not in a position to insist on either of these propositions. This Court has held in numerous cases that upon the sustaining of a motion to quash summons the litigant has an election of remedies. He can stand on the order and appeal therefrom, or he can request the issuance of an alias summons. If he elects to have the alias summons issued the alias summons becomes the original summons and he waives the right to question the correctness of the order of the court in sustaining the motion to quash. Marks v. McCune Construction Company, Okl., 370 P.2d 560; Parton v. Iven, Okl., 354 P.2d 210; Harder v. Woodside, 196 Okl. 449, 165 P.2d 841; Anthony v. Smoot, 183 Okl. 85, 80 P.2d 259.

In Harder v. Woodside, supra, was said:

"* * * when plaintiff acquiesced in the court's ruling and issued and served an alias summons he thereby abandoned

any reliance on the correctness of the first summons and its service and waived the right to thereafter question the correctness of the court's ruling."

In the instant action, when plaintiff elected to have the alias summons issued and served, he waived the right to thereafter question the court's ruling in regard to the original summons.

Plaintiff also contends the trial court erred in sustaining defendant's special demurrer on the grounds plaintiff's action was barred by limitations. Plaintiff argues that the fact of the alleged running of limitations does not appear on the face of the petition and in order for the plea of limitations to be available by way of demurrer, the limitations must affirmatively appear upon the face of the petition. Plaintiff cites Osborn v. White Eagle Oil Company, Okl., 355 P. 2d 1041, wherein we said:

"As to the statute of limitations as a defense, although the petition does disclose a liability of more than three years' standing, it contains allegations showing that the statutes of limitation may not have run, and does not in any instance affirmatively show that they have run, therefore this defense in this case could not be raised by demurrer. (Citing cases)"

In the instant proceeding there is nothing to show that limitations may not have run; and defendant specifically plead limitations in his special demurrer and the entire record was before the trial court. The petition alleged the accident occurred on May 30, 1962, and under Title 12 O.S. 1961, § 95, subdivision 3, the two year statute of limitations would be applicable. The petition was filed on May 28, 1964, and service was attempted upon the summons then issued. The trial court sustained the motion to quash and service was not had thereafter within the time prescribed by Title 12 O.S.1961, § 97.

Without question, the alleged cause of action was barred by the statute of limitations. Under the authority of Cowley-Lanter Lumber Co. v. Dow, 150 Okl. 150, 300 P. 781; and Harder v. Woodside, supra,

the trial court correctly sustained the special demurrer of the defendant which specifically alleged that plaintiff's action was barred by the statute of limitations.

Judgment affirmed.