Robert Wesley MARTIN and C. C. Pitts, Petitioners,

v.

DISTRICT COURT OF COMANCHE COUNTY, Respondent.

No. 43574.

Supreme Court of Oklahoma.

Oct. 28, 1969.

Melvin F. Pierce, Oklahoma City, for petitioners.

Joe Roselle, Guy Secor, Lee Witcher, Oklahoma City, for respondent.

McINERNEY, Justice.

Petitioners seek a writ of prohibition to prevent the respondent district judge from proceeding in two tort actions resulting from an automobile accident which occurred on June 5, 1958. The reference to "plaintiffs" and "defendants" designates the respective parties in the two civil actions. Plaintiffs are husband and wife. Defendants are non-residents. The civil actions were brought pursuant to 47 O.S. 1961, § 391 et seq.

The actions were commenced on June 3, 1960. Motions to quash were filed and later sustained, with leave granted to issue alias summons, by Judge E, on October 25, 1960 by letter notification to the attorneys of record. Plaintiffs did not attempt to issue alias summons. Instead, the plaintiffs filed, on December 19, 1960, a motion to amend the summons and the notice to permit insertion of the amount sought as damages in the event of judgment. The motion to quash was later considered by the successor judge, Judge F, and sustained on April 20, 1966. No specific reference is made in the order of April 20, 1966 regarding the then pleading motion to amend the summons and the notice.

On February 7, 1968, the respondent judge considered the motion of plaintiffs to permit the amending of summons and notice requested by motion filed on December 19, 1960. The Journal Entry of February 7, 1968 reflects that the motion was denied for the stated reason that the court lacked authority or jurisdiction to review the order sustaining the motion to quash entered on October 25, 1960, and that the order on April 20, 1966, also sustaining a motion to quash, did by necessary implication deny the motion to amend the summons. The court noted that an appeal was not taken in either instance. After a motion for a new trial was filed, the respon-

dent judge, on April 23, 1969, vacated all of the previous orders, permitted the amendment, and directed the defendants to answer. Petitioners attack the order of April 23, 1969 in this proceeding.

■■■ An order quashing the summons and setting aside the service is a final order which is reviewable in the Supreme Court by appeal. Harder v. Woodside, 196 Okl. 449, 165 P.2d 841; Webster v. Crump, 117 Okl. 244, 246 P. 423. Assuming, without deciding, that the filing of a motion to amend the summons and notice, after the order of October 25, 1960 quashing the summons, suspended the application of this rule to that order, the order sustaining the motion to quash entered on April 20, 1966 is a final order as defined in 12 O.S.1961, § 953. Harder, supra. The motion to amend the summons, pending from December 19, 1960 until April 20, 1966, does not suspend the finality of the order entered on April 20, 1966 sustaining the motion to quash the summons. The pending motion is deemed abandoned or waived when the movant permits a final order to be entered without securing a ruling on the pending motion. Blackburn v. Morrison, 29 Okl. 510, 118 P. 402, 407; Cushing Gasoline Co. v. Hutchins, 93 Okl. 13, 219 P. 408, 410; 71 C.J.S. Pleading § 263, page 541.

■■■ When the plaintiffs acquiesced in the court's ruling of April 20, 1966 quashing the summons and setting aside the service made on the defendants, the plaintiffs were effectively prevented at that time from receiving a judgment. The remedy available to them to avoid the finality of the order quashing the summons is either to appeal or, when proper, issue an alias summons. The plaintiffs failure to appeal resulted in the order of April 20, 1966 becoming final. The finality of the order divests the District Court of jurisdiction to consider, on April 23, 1969, the motion of December 19, 1960 requesting permission to amend the summons and the notice.

At a hearing on the application to assume jurisdiction in this case, the attorneys

agreed that the motion to quash was argued on April 20, 1966 by the attorneys then representing the respective parties. The Journal Entry of that date reflects that the plaintiffs excepted to the sustaining of the motion to quash and the exceptions were allowed. The attorneys for the plaintiffs in this original action were not representing the plaintiffs in April, 1966.

The respondent judge is without the power or authority to vacate the order of April 20, 1966 on motion after term time. 12 O.S.1961, § 1031 et seq. Preferred Risk Mutual Insurance Co. v. O'Brien, Okl., 440 P.2d 698; McAdams v. Latham, 21 Okl. 511, 96 P. 584, 587. The challenged order of April 23, 1969 was entered several terms later and is, therefore, of no force or effect.

The writ is granted, the order of April 23, 1969 is vacated, and the respondent is prohibited from further proceeding in the cases.

All the Justices concur.