Stephen R. GILLILAND, M.D., Plaintiff–Appellant,

v.

CHRONIC PAIN ASSOCIATES, INC., an Oklahoma corporation, Defendant–Appellee.

No. 83339.

Supreme Court of Oklahoma.

Sept. 19, 1995.

---

Donald E. Herrold, Jack N. Herrold, Herrold, Herrold & Davis, Inc., Tulsa, for Appellant.

Mark T. Koss, Michael McNulty, McNulty, Koss, Cole & Bumgarner, Oklahoma City, and Gordon L. Patten, Tulsa, for Appellee.

OPALA, Justice.

Two issues are tendered by the appellee's quest for the appeal's dismissal: (1) Is the order setting aside an arbitration award and directing the parties to relaunch the arbitration process before another panel appealable as a final prejudgment disposition? and, if this be answered in the affirmative, (2) Is this appeal timely? We answer both questions in the affirmative and *deny the motion to dismiss with prejudice to renewal*.

## I

### THE ANATOMY OF LITIGATION

This case presents a history that is very complicated and convoluted.[1] We confine ourselves to those procedural complexities that are necessary for today's review of the two issues tendered by the appellee's dismissal quest.

In a dispute over breach of an employment contract, the plaintiff, Stephen R. Gilliland, M.D. [Gilliland], obtained on July 25, 1988 an arbitration award against his former employer, Chronic Pain Associates, Inc. [Clinic]. Clinic's several attempts to vacate the award (on the basis of fraud) had generated much litigation both below and in this court. In the first vacation quest the trial court sustained a demurrer to Clinic's evidence. The Court of Appeals reversed that disposition with directions to vacate the arbitration award, concluding that there was sufficient record proof of fraud.[2] On remand the trial court ordered the parties to re-arbitrate the controversy. In an original proceeding before this court Clinic urged that the trial

court had failed to follow the mandate. This court directed the trial judge to conduct a hearing in compliance with the mandate.[3] After an evidentiary hearing the trial court entered, on January 21, 1994, its *findings of fact and conclusions of law*. This judge-signed instrument, which finds neither fraud nor collusion present in the process but only the appearance of impropriety, suggests (or counsels) the dispute's resubmission to another arbitration panel as "the only remedy left."[4] Gilliland moved for a new trial on January 30, 1994. He initially brought this appeal (by petition in error filed April 1, 1994) for review of the March 3, 1994 denial of his new trial quest.

Gilliland later procured and filed (on May 9, 1994) a journal entry which *vacates* the arbitration award and *directs* the parties to re-arbitrate. A *timely amended petition* in error of June 2, 1994 followed the filing of the May 9 order. Clinic then renewed its dismissal quest, arguing that the January 21 instrument, which, Clinic believes, meets the legal attributes of an appealable order, triggered the appeal time in this cause.

Clinic presses us (a) to direct that the instant appeal be recast into one prosecuted from an interlocutory order (granting another arbitration proceeding)[5] and (b) for dismissal of the appeal as untimely.

## II

### APPEAL TIME WAS TRIGGERED BY THE MAY 9, 1994 ORDER

▇ The judge-signed instrument, filed below on January 21, 1994, is not *completely*

---

1. For a discussion of some aspects of the complex procedural history, see *Chronic Pain Associates, Inc. v. Bubenik*, Okl., 885 P.2d 1358 (1994).

2. *Gilliland v. Chronic Pain Associates, Inc.*, No. 72,113, consolidated with No. 73,235 (unpublished opinion of February 18, 1992, *cert. denied* September 15, 1992). According to Gilliland's brief, the first motion to vacate the arbitration award was overruled on October 27, 1988 and a judgment confirming the award entered the same day. Gilliland states the appeal in No. 72,113 was from the October 27, 1988 judgment in his favor.

3. *Chronic Pain Associates, Inc. v. Bubenik* (No. 80,911), consolidated with *Gilliland v. Garrett* (No. 80,979) (order of May 24, 1993). This court's writ, which requires the trial court to hear and determine Gilliland's fraud claim,

states that if fraud is determined the award "must be set aside and new arbitration proceedings ordered de novo," and if no fraud is found, the award and subsequent judgment must stand.

4. *See* text of the January 21, 1994 order, *infra* note 6.

5. This court's April 27, 1994 order directed Gilliland (a) to respond to Clinic's quest to recast the appeal and (if the appeal is indeed from an interlocutory order) (b) to show cause why it should not be dismissed as *untimely* because a new trial motion does not extend the time to appeal from an interlocutory order (citing 12 O.S.Supp.1993 § 990.2 and *Matter of Estate of Nation*, Okl., 834 P.2d 442 (1992)).

*dispositive* of *all* the issues then pending before the trial court.[6] It amounts to no more than a set of findings *cum* conclusions coupled with an announcement that the court was left with "no other remedy" than a "return to arbitration." Neither findings of fact with conclusions of law nor a judicial announcement of what judgment might be rendered may constitute the trial court's judgment.[7] Appeal time was hence triggered by the later May 9, 1994 journal entry which *sets aside* the arbitration award *and directs* the arbitration process to begin anew. Because the amended petition in error came here within 30 days of that order's filing, the appeal is timely.

## III

## THE PREJUDGMENT ORDER'S FINALITY

■ An order is final within the meaning of 12 O.S.1991 § 953[8] if it *prevents judgment* upon the process in progress, even though the aggrieved party would have been free to abandon the course then in pursuit to relaunch or press the same claim along a different remedial track. Through this conceptual analysis included in the class of orders that are treated in law as having prejudgment finality are those that (a) quash process[9] and (b) those that dismiss the action *sans* prejudice,[10] although the former do not inhibit the issuance of alias process and the latter leave the plaintiff free to bring another suit. Other examples for the same appealability analysis are: (c) a suit's termination "otherwise than on the merits," is deemed appealable although the suit may be refiled;[11] and (d) an order that overrules the landowner's challenge to the condemnor's power to take by eminent domain, which also is treated as appealable, even though the landowner's initial challenge could be *renewed* before a condemnation decree (with a compensation award) is entered in the case. In short, an appeal need not always be the appellant's *sole* remedial avenue of relief to make a prejudgment order appealable as final under § 953.[12]

6. The pertinent portions of the January 21, 1994 order are:

"* * * The failure to disclose to Myers the past relationship with Jacoby and the failure to disclose that Jacoby had been mentioned to attorneys for plaintiff as a third arbitrator, *leaves this Court no other remedy but to require the parties to return to arbitration....* This Court ... makes *no* finding of collusion by any of the arbitrators....

The bottom line is: the APPEARANCE of an impropriety; and sometimes that is simply in the eye of the beholder....

IT IS SO ORDERED." (Emphasis supplied.)

7. *Matter of Estate of Stinchcomb*, Okl., 674 P.2d 26, 30 (1983); *Lawrence v. Cleveland County Home Loan Auth.*, Okl., 626 P.2d 314, 316 (1981); *Porter v. Tayer*, Okl., 385 P.2d 808, 815 (1963); *Lee v. Epperson*, 168 Okl. 220, 32 P.2d 309, 309 (syl. 2) (1934); *Foreman v. Riley*, 88 Okl. 75, 211 P. 495, 496 (1923).

8. The terms of 12 O.S.1991 § 953 are:

"An order affecting a substantial right in an action, when such order, in effect, determines the action *and prevents a judgment,* and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."
(Emphasis added.)

*Mayhue v. Mayhue*, Okl., 706 P.2d 890, 893 (1985); *Moses v. Hoebel*, Okl., 646 P.2d 601, 603 (1982); *Stubblefield v. GMAC*, Okl., 619 P.2d 620, 624 (1980); *Centorp Corporation v. Gulf Production Corp.*, 183 Okl. 436, 83 P.2d 181 (syl. 1) (1938).

9. *Martin v. District Court of Comanche County*, Okl., 460 P.2d 898, 899 (1969); *Marks v. McCune Const. Co.*, Okl., 370 P.2d 560 (syl. 1) (1962); *Harder v. Woodside*, 196 Okl. 449, 165 P.2d 841, 842 (1946); *Webster v. Crump*, 117 Okl. 244, 246 P. 423, 424 (1926).

10. *Southwestern Natural Gas Co. v. Vernor*, 178 Okl. 344, 62 P.2d 1262, 1265 (1936); *Sanford v. Street*, 178 Okl. 172, 62 P.2d 479, 480 (syl. 3) (1936).

11. A suit's dismissal otherwise than on the merits is no bar to an action's later refiling (12 O.S. 1991 § 100), yet the dismissal on that basis is at once appealable as final. *Southwestern, supra* note 10 at 1265.

12. *See Watchorn Basin Assn. v. Oklahoma Gas & Elec. Co.*, Okl., 525 P.2d 1357, 1359 (1974), where the court held that the trial court's adjudication of the condemnor's power to take by eminent domain is appealable as a final order; *see also Town of Ames v. Wybrant*, 203 Okl. 307, 220 P.2d 693, 695–696 (1950). *There the condemnor threatened to take possession of the property before a challenge to its right to condemn had been*

■ This is *not* to say that *every* judicial refusal to give a favorable dispositive order in a prejudgment contest over some process, pleading or probative deficiency in the case is enough to make a nisi prius ruling appealable. Extant § 953 jurisprudence unmistakably and consistently teaches that, to be appealable under this section, an order which "prevents a judgment" must preclude the appealing party from *proceeding further in the case for the pursuit of the very relief that is then and there sought.*[13]

■ The order tendered for our review in this case bears all the requisite attributes of prejudgment finality in the § 953 sense. *It bars judgment on the very arbitration award tendered for confirmation in the case.* While the appellant might have given up his quest for judgment and submitted to another arbitration proceeding before a different panel, he remained free to press with vigor for a judgment confirming the award in his favor.[14] *The nisi prius order denying confirmation of the arbitration award precludes Gilliland from obtaining the desired relief in the case.* Because it stands as an *insuperable barrier to a specific arbitration award's confirmation by judgment sought in the action,* it is appealable under § 953.[15] *We so hold.*

■ Nor are we persuaded that the provisions of 15 O.S.1991 § 817[16] are a "special statute" which restricts the range of appealable dispositions available under the rubric of forensic disputes over arbitration and must always control over the general provisions of §§ 952[17] and 953.[18] Section 817 lays no tex-

---

*heard.* The court held that the landowner may test the correctness of that decision by an appeal brought *prior to final determination of the damages award.*

13. *Moses, supra* note 8 at 602–603; *Southwestern, supra* note 10 at 1265; *Centorp, supra* note 8 at 181 (syl. 1); *Sanford, supra* note 10 at 480 (syl. 3).
Our appealability analysis for these prejudgment orders finds full support in U.S. Supreme Court jurisprudence holding that a district court's order which *stays federal proceedings in favor of pending state litigation* is a "final decision" appealable under 28 U.S.C. 1291. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Co.,* 460 U.S. 1, 8–10, 103 S.Ct. 927, 933–934, 74 L.Ed.2d 765 (1983).

14. The person in whose favor an arbitration award is made has both the duty and the right to press for judgment confirming that award. The terms of 15 O.S.1991 § 811 are:
"Upon application of a party to the agreement, the court shall confirm an award, unless within the time limits imposed herein grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in Sections 12[812] and 13[813] of this act."

15. Since today's opinion allows this cause to be prosecuted as an appeal from a *final* prejudgment order, it is unnecessary to comment on Clinic's attempt at transforming the case into an appeal from an interlocutory order.

16. The pertinent terms of 15 O.S.1991 § 817 are:
"A. An appeal *may be taken from:*
\*    \*    \*    \*    \*    \*
5. *An order vacating an award without directing a rehearing;*
\*    \*    \*    \*    \*    \*
B. The appeal shall be taken in the manner and to the same extent as from orders or

judgments in a civil action." (Emphasis supplied.)

17. The terms of 12 O.S.1991 § 952 are:
"(a) The Supreme Court may reverse, vacate or modify judgments of the district court for errors appearing on the record, and in the reversal of such judgment may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof.
(b) The Supreme Court may reverse, vacate or modify any of the following orders of the district court, or a judge thereof:
1. *A final order;*
2. An order that discharges, vacates or modifies or refuses to vacate or modify a provisional remedy which affects the substantial rights of a party; or grants, refuses, vacates, modifies or refuses to vacate or modify an injunction; grants or refuses a new trial; or vacates or refuses to vacate a final judgment;
3. Any other order, which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation; provided, however, that the Supreme Court, in its discretion, may refuse to hear the appeal. If the Supreme Court assumes jurisdiction of the appeal, it shall indicate in its order whether the action in the trial court shall be stayed or shall continue.
The failure of a party to appeal from an order that is appealable under either subdivision 2 or 3 of subsection (b) of this section shall not preclude him from asserting error in the order after the judgment or final order is rendered." (Emphasis added.)

18. Clinic argues that since 15 O.S.1991 § 817 restricts appeals to orders that set aside an

tual pretense to exclusivity in its application to arbitration-related appeals. It is no more than a litany of orders—all typically occurring in litigation over arbitration—which, *in addition to more mainstream rulings,* are to be treated as appealable. In short, we view § 817 as *no* hurdle either to this § 953 appeal or to any § 952 appeal.

The motion to dismiss is accordingly denied *with prejudice to renewal.* This appeal shall proceed to the decisional stage. The present controversy over the size, content of, and the time for, the briefs to be submitted will be settled by a later unpublished order.

WILSON, C.J., KAUGER, V.C.J., and LAVENDER, HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.

SIMMS, J., concurs in result.

HODGES, J., disqualified.

award *but do not* order another arbitration, an order that sets aside an arbitration award and directs arbitration to proceed *de novo* is not appealable under that section.