2002 OK 67

**Jesse G. CONTEREZ, Plaintiff–Appellant,**

v.

**Terry S. O'DONNELL, Real Party in Interest–Appellee.**

No. 95,759.

Supreme Court of Oklahoma.

Sept. 10, 2002.

As Corrected Sept. 18, 2002.

Rehearing Denied Nov. 19, 2002.

Glenn R. Beustring, Glenn R. Beustring and Associates, Tulsa, Oklahoma, and Joan Godlove, Tulsa, OK, for appellant.

Joseph A. Sharp, Karen M. Grundy, Catherine L. Campbell, Matthew B. Free, Best & Sharp, Tulsa, OK, for real party in interest/appellee.[1]

OPALA, J.

¶ 1 The *sole dispositive issue* tendered on certiorari is whether the Court of Civil Appeals [COCA] erred in dismissing *sua sponte* the plaintiff's appeal. We answer in the negative. Although certiorari review results in the same disposition as that reached by

---

1. Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.

COCA, today's dismissal is rested on different grounds.

# I

## THE ANATOMY OF LITIGATION

¶ 2 The plaintiff, Jesse G. Conterez [Conterez or plaintiff], brought a medical malpractice action against two defendants. During the course of discovery, Conterez's counsel deposed a pathologist (not a party in the case) who had examined the plaintiff. Terry O'Donnell [O'Donnell] acted as the physician's counsel at the deposition hearing.

¶ 3 A dispute arose between O'Donnell and plaintiff's counsel concerning the scope of his client's deposition examination, the questions that could be asked of the witness and related issues. O'Donnell instructed his client not to answer certain questions and then adjourned the deposition hearing. Plaintiff's counsel later invoked the provisions of 12 O.S.2001 § 3230(E)(1)[2] to move for sanctions against O'Donnell. The trial court denied the quest for sanctions by order entered *25 April 2000.* Nearly eight months later the parties entered into an agreement that settled the claim for $500,000.00 and the cause was voluntarily dismissed by order entered *19 December 2000.* In another order entered the same day the court recites that Conterez "desires to pursue his appellate rights arising out of" the April 25 denial of

sanctions.[3] The appeal from denial of sanctions was brought *17 January 2001.*

¶ 4 COCA dismissed the appeal *sua sponte* on two grounds: (a) the appeal time had expired thirty days *after the denial's entry* (and proceedings subsequent to the entry would not operate to extend that statutory time limit) and (b) the plaintiff lost standing as an aggrieved party to claim harm from the denial because his interest in the sanctions' enforcement came to be extinguished by the settlement of the principal tort claim.

¶ 5 We granted certiorari upon the plaintiff's petition. For the reasons to be explained in Parts II and III, we now vacate COCA's opinion and order the appeal dismissed.

¶ 6 The plaintiff argues on certiorari that (a) his petition in error was timely filed because the express and implicit terms of 12 O.S.2001 § 993(A)(5)[4] give him the option *either of taking* an immediate appeal from that part of the April 25 order which refused to direct the payment of money *pendente lite* **or** *of awaiting* the final determination of his medical malpractice action to bring an appeal, (b) *he reserved the right to appeal the sanctions' denial* at the settlement of the medical malpractice claim, (c) COCA erred (in its *sua sponte* dismissal of the appeal) *by not first calling for additional briefs* or a

---

2. The pertinent terms of 12 O.S.2001 § 3230(E)(1) are:

   1. Any objection to evidence during a deposition shall be stated concisely and in a nonargumentative and nonsuggestive manner. A party may instruct a deponent not to answer only where the information sought is not discoverable by law, when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, to present a motion under paragraph 2 of this subsection, or to move for a protective order under subsection C of Section 3226 of this title. *If the court finds a person has engaged in conduct which has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction,* including the reasonable costs and attorney's fees incurred by any parties as a result thereof.
   (emphasis added).

3. Another December 19th order also directed the court clerk to amend the caption of the cause by eliminating the named defendants and substitut-

ing the name of Terry S. O'Donnell as real party in interest. The new caption is reflected in this opinion on certiorari.

4. The terms of 12 O.S.2001 § 993(A)(5) are:

   A. When an order:
   \* \* \*
   5. Directs the payment of money pendente lite except where granted at an ex parte hearing, refuses to direct the payment of money pendente lite, or vacates or refuses to vacate an order directing the payment of money pendente lite;
   \* \* \*
   the party aggrieved thereby may appeal the order to the Supreme Court without awaiting the final determination in said cause, by filing the petition in error and the record on appeal with the Supreme Court within thirty (30) days after the order prepared in conformance with Section 696.3 of this title, is filed with the court clerk....

show-cause response [5] and lastly, (d) the trial court abused its discretion by refusing to award sanctions for O'Donnell's discovery misconduct.

## II

### THE DENIAL OF DISCOVERY–RELATED SANCTIONS IS NOT AT ONCE APPEALABLE

■■■ ¶ 7 *A mid-litigation sanction against a lawyer* (rather than a party) for discovery-related misconduct *is appealable.*[6] Appeal time begins to run from the date of the sanctions' entry upon the court's record. Although a *nonparty* is deemed aggrieved at once *by a sanctioning order, Oklahoma jurisprudence is silent* on the appealability of mid-litigation *denial* of discovery-related sanctions. Federal jurisprudence on this issue is instructive.[7] Generally, the *denial of* discovery-related sanctions is not considered final until the district court litigation comes to an end.[8] This is so because *the trial court*

---

5. Although every court must inquire *sua sponte* into its own jurisdiction, **concerns for due notice to the parties** and **for undue surprise** counsel that, unless the issue of cognizance has been raised, the question should be resolved **only after** the litigants have had an opportunity to submit briefs on the *sua sponte* inquiry the court wishes to undertake. *Whitehead v. Tulsa Public Schools,* 1998 OK 71, ¶ 0, 968 P.2d 1211; *Gilliland v. Chronic Pain Associates, Inc.,* 1995 OK 94, ¶ 5 n. 5, 904 P.2d 73, 75 n. 5; *Woody v. State, ex rel. Dept. of Corrections,* 1992 OK 45, ¶ 2, 833 P.2d 257, 258; *Lambert v. Town of Stringtown,* 1992 OK 103, ¶ 1, 834 P.2d 955; *Fields v. A & B Electronics,* 1990 OK 7, ¶ 4, 788 P.2d 940, 941; *Grant Square Bank & Trust Co. v. Werner,* 1989 OK 126, 782 P.2d 109, 110; *Anderson, Clayton & Co. v. First Am. Bank of Erick,* 1980 OK 78, ¶ 14, 614 P.2d 1091, 1095. *See also City of Lawton v. Intern. Union of Police,* 2002 OK 1, ¶ 3, 41 P.3d 371, 374. **Because adequate briefing opportunity was afforded by this court on certiorari, we do not view COCA's failure to give notice to warrant our consideration as dispositional error.**

6. *Hammonds v. Osteopathic Hosp. Founders Ass'n,* 1996 OK 54, ¶ 4, 917 P.2d 6, 7, teaches that an order imposing sanctions upon counsel, *who is not a party* in the case, is appealable as final (under the provisions of 12 O.S.1991 § 953) if it *conclusively determines the issue of sanctionability* and *sets the amount* that stands imposed. This view accords with that of the U S. Circuit Court of Appeals for the Ninth Circuit. *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1508 n. 8 (9th Cir.1987) ("An order imposing sanctions upon counsel, a nonparty, is final and appealable by the person sanctioned upon imposition of the sanction"). The court states in *Hammonds* that had the sanctioned lawyer *been a party to the action,* the nisi prius sanctioning order would still be appealable as an interlocutory order for payment of money pendente lite (12 O.S.2001 § 993(A)(5)), *(supra* note 4). *Id.* at ¶ 4, at 7.

7. Whenever Oklahoma Discovery Code provisions closely parallel those in the Federal Rules of Civil Procedure, federal jurisprudence on related issues is to be deemed instructive. *See in this connection Payne v. DeWitt,* 1999 OK 93 ¶ 8,

995 P.2d 1088, 1092 (§ 3237(B)(2) of the Oklahoma Discovery Code follows the terms of FRCP 37 in describing the range of sanctions a court is permitted to employ). Because the provisions of 12 O.S.2001 § 3230(E)(1) are virtually identical to their federal counterpart, FRCP 30(d)(1) and (3), we will look to federal jurisprudence for assistance in dealing here with the trial court's *denial of discovery-related sanctions.*

8. *McCright v. Santoki,* 976 F.2d 568 (9th Cir. 1992), teaches that a denial of Rule 11 sanctions is not final within the meaning of 28 U.S.C. § 1291 because not only will litigation on the merits follow but the court may reconsider its denial and decide, upon a renewed motion (or *sua sponte*), to impose sanctions. According to *McCright,* a party may appeal the sanctions' denial *after* there has been a final decision in the underlying lawsuit. *Id., citing Giebelhaus v. Spindrift Yachts,* 938 F.2d 962, 964 (9th Cir. 1991) (the court reviewed a *post-judgment denial* of Rule 11 sanctions against defendants' lawyer). In *Chuidian v. Philippine Nat'l Bank,* 912 F.2d 1095, 1107 (9th Cir.1990), (the court reviewed a Rule 11 sanctions' denial as *one of several issues* upon the litigation's termination). In *Buchanan v. U.S.* 82 F.3d 706, 708 (7th Cir.1996), the court notes that although a sanctions order is *collateral* to the merits, a denial of sanctions cannot be considered final within the meaning of 28 U.S.C. § 1291 until the district court litigation is at an end. *See also Matei v. Cessna Aircraft Co.,* 35 F.3d 1142, 1147 (7th Cir.1994)(the court reviewed the denial of Rule 37 sanctions as *one of several errors* in plaintiff's appeal from judgment for the defendants); *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.,* 982 F.2d 363, 369 (9th Cir.1992)(the court reviewed the denial of Rule 11 and Rule 37 sanctions as *one of several errors* in the appeal from the dismissal of plaintiff's claims); *Haskell v. Washington Township,* 891 F.2d 132, 133 (6th Cir.1989). **The rationale of these cases is equally applicable to a sanction's denial under the terms of 12 O.S.2001 § 3230(E)(1).** In *Haskell* and *McCright, supra,* the court observed that the *denial of sanctions* would not be appealable under the *collateral-order doctrine* of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93

*is not bound by, and may hence reconsider,* all of its mid-litigation rulings at any time before the case comes to an end.

¶ 8 The April 25 denial fails to meet the **two-prong finality test**[9] for appealability of prejudgment orders under the provisions of 12 O.S.2001 § 953.[10] The order refusing to sanction the witness' lawyer neither conclusively **settles** the nonsanctionability of the lawyer's actions nor does the ruling's effect leave the aggrieved party plaintiff without any further relief at nisi prius.[11] In sum, a sanction's denial is interlocutory in character and subject to reconsideration before entry of a final order or judgment.[12]

¶ 9 We therefore conclude and hold that the April 25 *denial of § 3230(E)(1) sanctions* against O'Donnell was not at once *appealable.*[13]

## III

## ALLEGED ERROR IN THE SANCTIONS' DENIAL, THOUGH *INCHOATELY* REVIEWABLE, STANDS MOOTED HERE FOR WANT OF ANY APPEALABLE DECISION IN THE CASE WHICH FOLLOWS THAT DENIAL

■ ¶ 10 All *prejudicial error* that stands preserved by the record through an intermediate order or proceeding that *precedes any appealable decision is inchoately reviewable together with all other errors* asserted to be present in the *appealable disposition* before the court. This common-law **concept of reviewability** is explicitly embodied in the terms of 12 O.S.2001 § 952(a).[14] An aggrieved party has the unquestionable right to secure review of *every preserved prejudicial error* committed at nisi prius in the course of proceedings which *precede an appealable decision.*

¶ 11 Although error in denial of discovery-related sanctions is a *reviewable issue* that no doubt stood preserved by the record, the post-denial course of litigation failed in this case to produce an appealable order in the context of which the denial's error could be

---

L.Ed. 1528 (1949), because error in denial fails to meet the last criterion of the three-part *Cohen* test—*i.e.,* that it "be effectively unreviewable on appeal."

9. The elements of the two-prong test are: (1) Does the order **conclusively determine** the disputed question then before the court? and (2) Does the ruling's effect leave the aggrieved party without any relief at nisi prius because the **defeated litigant stands precluded from proceeding further** in the case? *Hammonds, supra* note 6, at ¶ 3, at 7.

10. The terms of 12 O.S.2001 § 953 are:

An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article.

11. It suffices to say that for the assessment of appealability a denial of sanctions is treated differently from their imposition. *See* federal jurisprudence, *supra* note 8.

12. Even if the denial had been at once appealable, the appeal here would not have been late. By the terms of 12 O.S.2001 § 952(b)(3) failure to appeal from an interlocutory or intermediate order "shall not preclude" one from "asserting error" in that order "after the judgment or final order is rendered." (emphasis added).

13. Although the April 25 **denial of sanctions against a nonparty** did not then rise to an appealable event, the order might have been accelerated for immediate appeal by a 12 O.S.2001 § 994 certification. The certified order would convert the denial into an immediately reviewable disposition and thus make it fit for an immediate appeal. For a discussion of the § 994 certification regime, see *May–Li Barki, M.D., Inc. v. Liberty Bank and Trust Co.,* 1999 OK 87, ¶ 2, n. 4, 20 P.3d 135, 142 n. 4 (supplemental opinion on rehearing).

14. The terms of 12 O.S.2001 § 952(a) are:
(a) The Supreme Court may reverse, vacate or modify judgments of the *district court for errors appearing on the record,* and in the reversal of such judgment may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. (emphasis added).

presented for corrective relief (together with other errors and those asserted to be present in the appealable order). This is so because the action's voluntary termination did not result in an appealable order but rather operated to extinguish the inchoately reviewable feature of the April 25 denial.[15] The action's dismissal, which merely recites the parties' agreement, lacks the attributes of appealability. Appeals are triggered neither by reviewable errors nor by an agreement of the litigants but solely by orders defined by statute to be subject to immediate appellate scrutiny. There is here no disposition that would sustain an appeal.

¶ 12 *In sum, the plaintiff can secure no corrective relief from the sanction's denial for want of any appealable disposition in the case which followed the denial's entry.*

## IV

## SUMMARY

¶ 13 Alleged error in the sanctions' denial stands mooted and its reviewability extinguished by the absence of an appealable decision in the case which follows the error's occurrence. The appeal must hence be dismissed for want of an appealable disposition from which it may be prosecuted. The district court litigation came to an end by an order that memorialized the parties' settlement agreement *but failed to constitute an appealable post-denial decision.*

¶ 14 On certiorari granted upon the plaintiff's petition, the Court of Civil Appeals' opinion is vacated and the appeal is ordered dismissed for want of an appealable order.

¶ 15 HARGRAVE, C.J., HODGES, LAVENDER, KAUGER, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

¶ 16 WATT, V.C.J., concurs in result.

**15.** A *dismissal by consent* and a *voluntarily released and satisfied judgment* are similar in their effect on a decision's appealability. **Neither produces a final disposition with appealable characteristics.** A voluntarily released and satisfied judgment *moots* both an appeal that is lodged against it and against all nisi prius vacation process. *Mitchell v. Lindly,* 1960 OK 115, ¶ 12, 351 P.2d 1063, 1067. This is so because any errors in its entry become abstract, hypothetical or academic and hence no longer available for the exercise of judicial cognizance. *Hart v. Jett Enterprises, Inc.,* 1985 OK 24, ¶ 3, 744 P.2d 561, 563 (Opala, J., concurring); *Stites v. DUIT Const. Co., Inc.,* 1995 OK 69, 903 P.2d 293, 299. This is not to say that the trial court loses cognizance at once after a judgment's release and satisfaction is entered. Its jurisdiction will continue over fraudulent releases of judgment or over post-satisfaction disputes about the legitimacy of satisfaction. *Hart, supra,* at 563. In *Napier v. Dilday,* 1913 OK 388, ¶ 1, 132 P. 1085, the appeal was dismissed because the judgment rested upon a finding consented to by the parties. The court held that "[c]onsent ends all contention between the parties, and there is nothing to review on appeal." In dismissing the appeal in *Wray v. Ferris,* 1938 OK 649, 85 P.2d 402, 403, *the court noted that one cannot be heard to urge error in a proceeding leading to judgment or order which was entered by consent.*