### WRAY et al. v. FERRIS, Adm'r.

No. 28916.   Dec. 13, 1938.

Jas. C. Cheek, Sam L. Wilhite, and L. B. Yates, for plaintiffs in error.

Suits & Lewis and Roy H. Steele, for defendant in error.

PER CURIAM. This action was commenced in the district court by Weldon Ferris, administrator of the estate of Warren A. Ferris, deceased, for wrongful death. Verdict was returned for the plaintiff. All of the parties filed motions for new trial upon various grounds. The court entered separate orders sustaining the motions for new trial, and from the order granting the motion for new trial, the defendants, Otto Wray, Emmitt Meeks, and Employers Casualty Company, a corporation, prosecute this appeal. The plaintiff has filed a motion to dismiss the appeal. We are of the opinion, and hold, that the case must be dismissed for the reason that a party who joins in and requests the particular order or judgment of the court cannot appeal from such order. We do not find that this court has directly passed upon the question presented here. However, this court has many times held that a party who is the moving cause of an order or judgment of the court cannot prosecute an appeal from such order or judgment. In Clallam County v. Clump (Wash.) 47 P. 13, the court said:

"Neither party can appeal from an order setting aside the verdict, and awarding a new trial, where both submitted motions therefor, though the order purports on its face to grant the motion of defendant only, and to overrule that of plaintiff."

See Briggs v. Shepler (Kan.) 224 P. 61. Other authorities dealing directly with the question of the granting of a motion for new trial and then appealing therefrom by one of the parties who requested the new trial are Fitzroy v. Peoples Bank (Mo. App.) 195 S. W. 520: Star Bottling Co. v. Louisiana Purchase Exposition Co. (Mo.) 144 S. W. 776; Harris v. St. Paul Fire & Marine Ins. Co. (N. Y.) 126 N. Y. S. 118. It is a cardinal rule that one cannot be heard to urge error in the proceeding leading to judgment or order which was entered by his own consent. A motion for new trial which is granted comes within the rule.

The appeal is dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.