**OKLAHOMA CITY URBAN RENEWAL AUTHORITY, a Public Body Corporate, Appellee,**

v.

**Margaret R. BORELLI and John W. Borelli, wife and husband; Margaret Anna Borelli Fent and Jerry R. Fent, wife and husband; John W. Borelli, Jr. and Marianne Dulle Borelli, husband and wife; Mary Catherine Borelli McNeil and Edd R. McNeil, wife and husband; Elizabeth Ann Fent Borders and Richard Christopher Borders, wife and husband; David Jarome Fent; Margaret Mary Fent; Eleanor Mary Borelli, a minor; Steven Thomas Borelli, a minor; Marguerite Claire Borelli, a minor; Jennifer Nicole McNeil, a minor; Sarah Faith McNeil, a minor, Appellants.**

No. 76895.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 25, 1992.

Certiorari Denied Feb. 9, 1993.

Edd R. McNeil, Hurst & McNeil, Sulphur, for appellants.

Dan Batchelor, Barry W. Johnson, Batchelor and Johnson, P.C., Oklahoma City, for appellee.

BAILEY, Judge:

Appellants seek review of the Trial Court's order denying Appellants' application to enjoin Appellee Oklahoma City Urban Renewal Authority (OCURA) from demolition of improvements to and possession of certain real property sought to be condemned by OCURA. Herein, Appellants complain that, despite the consent nature of the order below denying injunctive relief, OCURA had no authority to continue possession of the subject property.

In January 1990, OCURA filed Petition to Select and Summon Commissioners to condemn certain real property (specifically, parking lots) owned by Appellants. The Commissioners filed their Report in May 1990, and OCURA paid into court the amount designated in the Report. Two weeks later, Appellants filed Exceptions to the Report of Commissioners, contesting OCURA's power to condemn the property.

Demolition of improvements on the property began October 1, 1990. On October 17, 1990, Appellants applied for injunctive relief, seeking to enjoin OCURA's actions until hearing on Appellants' Exceptions to the Report of Commissioners. Hearing thereon was twice continued and subsequently stricken on December 7, 1990. On January 3, 1991, the parties submitted to the Trial Court for signature an agreed-to order, signed by respective counsel, denying Appellants the requested injunctive relief, but reserving Appellants' exceptions and objections to Report of Commissioners for subsequent adjudication.

The following day, Appellants filed their petition-in-error challenging this order. Thereafter, OCURA filed Motion to Clarify, Correct and Supplement the Record and Order Appealed From in the Supreme Court, which the Trial Court granted. Pursuant thereto, the Trial Court entered an order amending the record nunc pro tunc to reflect filing of the January 3, 1991 order "solely pursuant to approval and agreement of the parties" without hearing or determination by the Trial Court.

Appellants forward numerous challenges to OCURA's authority to condemn, obtain title to, demolish improvements on, and possess property prior to a hearing on the Appellants' objections thereto. However, we view the dispositive issue in this case as whether Appellants are entitled to appeal from an order to which Appellants consented and agreed. In that regard, although Appellants assert that by agreeing with and consenting to the order denying injunctive relief they were merely "agreeing to disagree," we find nothing in the record to support this contention. On the contrary, the order itself—and the subsequent order amending the first order *nunc pro tunc*—clearly reflects the intent of the parties to resolve the injunction issue by agreement and without hearing.

Where the record reflects entry of an adverse decision with the consent of the appealing party, such consent "ends all contention between the parties, and there is nothing to review on appeal."[1] In the instant case, the record reflects Appellants clearly consented to the specific language of the order denying injunctive relief. Under these circumstances, we hold Appellants may not now complain of the effect of that order denying Appellants the requested injunctive relief.

The order of the Trial Court is therefore AFFIRMED.

GARRETT, P.J., and ADAMS, J., concur.

---

1. *Napier v. Dilday,* 38 Okl. 365, 132 P. 1085 (1913). See also, *Ferrell v. State Department of Highways,* 387 P.2d 129 (Okl.1963) (party may not take inconsistent position on appeal or alleged error which party invited or acquiesced in at trial level); *Wray v. Ferris,* 184 Okl. 132, 85 P.2d 402 (1938) (A party who joins in a request for a particular order or judgment cannot appeal from such order).