2000 OK 65

**Beverly LEE, Appellant,**

v.

**PHILLIPS & LOMAX AGENCY, INC. and Country Preferred Insurance Co., Appellees.**

No. 93,148.

Supreme Court of Oklahoma.

Sept. 19, 2000.

Earl W. Arnold, Tulsa, Oklahoma, Brad Smith, Jenks, Oklahoma, for Appellant.

James C. Daniel, Thomas Baker, L. Richard Howard, Tulsa, Oklahoma, for Appellee, Country Preferred Insurance.

Scott D. Cannon, Wagner, Stuart & Cannon, Tulsa, Oklahoma, for Appellee, Phillips & Lomax Agency.

HODGES, J.

¶ 1 Appellant's Petition for Certiorari raises one issue. Does Oklahoma's Statute of Repose, found at title 12, section 109, of the Oklahoma Statutes, bar the assertion of Appellant's tort claims against an insurer and its agent? It does not.

¶ 2 In April, 1982, a storm damaged the shingles on Beverly Lee's (Homeowner) home and the roof began to leak. She notified her homeowner's insurance agent, Phillip & Lomax Agency, Inc. (Agent), who submitted the claim to her insurance carrier, Country Preferred Insurance Co. (Insurer). The facts surrounding the roof's repair are in dispute.

¶ 3 Homeowner claims that Agent represented that it would "handle everything", that a man came to her house and took pictures, and that a repair crew arrived and repaired her roof. She claims she had no direct dealings with Insurer concerning the claim, but rather that she relied entirely on Agent's representation that the roof would be fixed "as good as before the damage". She asserts that Agent had her endorse Insurer's check in order to pay the contractor whom Agent had selected.

¶ 4 Agent contends that it did not participate in the investigation, adjustment, or settlement of Homeowner's claim. It merely submitted the claim to Insurer. Agent claims it did not participate in the selection

of the contractor who made the repairs, nor did it supervise the repairs. It claims to have made no representations to Homeowner concerning the repairs.

¶ 5 Homeowner's roof did not leak for ten years following the repair. In 1985, Homeowner placed her homeowner's coverage with another carrier for whom Agent sold policies. In November, 1992, a storm damaged the roof, Homeowner submitted a claim to her new insurance carrier who repaired the roof. But that insurer refused to reinsure the structure until some of the layers of old shingles were removed. Homeowner then placed her coverage with yet another insurer through a different agent. In November, 1994, Homeowner brought this action against Agent and Insurer based on the 1982 repair. No claim was asserted against either the contractor or the independent claims adjuster.

¶ 6 Homeowner's petition asserted gross negligence for failure to properly repair her roof and for Agent's alleged misrepresentations. It also asserted a claim of bad faith based on the "breach of the implied covenant of good faith and fair dealings in [Defendants'] capacity as insurer and agent of insurer." The trial court granted Agent's Motion to Dismiss and Insurer's Motion for Summary Judgment based on Oklahoma's Statute of Repose. The Court of Civil Appeals affirmed the granting of both motions. This Court granted certiorari review.

Oklahoma's statute of Repose provides:

> No action in tort to recover damages
> (i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
> (ii) for injury to property, real or personal, arising out of any such deficiency, or
> (iii) for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

Okla. Stat. tit. 12, § 109 (1991). "A statute of repose sets an outer chronological time beyond which no cause of action may arise for conduct that would otherwise have been actionable." *Neer v. State ex rel. Oklahoma Tax Comm'n*, 1999 OK 41, 982 P.2d 1071, 1078. By its terms, this section applies only to an "improvement" to real property. The parties dispute whether the work performed on Homeowner's roof constitutes an improvement.

¶ 7 What qualifies as an improvement was addressed last year in *Gorton v. Mashburn*, 1999 OK 100, 995 P.2d 1114. There, a plaintiff attempted to avoid the ten-year statute of repose by stating his factual allegations, related to the design and construction of a foot bridge, in terms of "negligent maintenance." This Court characterized maintenance as "after-care or upkeep", *id.* at 1116, citing the dictionary definition as "[t]he upkeep or preservation of condition of property, including cost of ordinary repairs necessary and proper from time to time for that purpose." *Id.* at 1116 n. 6. Such a definition applies with equal vigor to the repair of Homeowner's roof in this action. The 1982 repairs did not constitute construction of an improvement under the statute of repose.

¶ 8 A tort claim for or derived from negligent maintenance or repair of real property is controlled by the two-year statute of limitations found at title 12, section 95 of the Oklahoma Statutes.[1] This procedural device, which extinguishes a remedy for an existing right, is a penalty for a party who sleeps on that right. *Neer*, 982 P.2d at 1078. It does not begin to run until the point in time a plaintiff can successfully prove the elements of a tort claim. *Id.*

¶ 9 This Court has applied a discovery rule in the context of contractor liability

---

1. Third. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud;

for negligent repair. *See McVay v. Rollings Constr., Inc.*, 820 P.2d 1331 (Okla.1991) (city contractor's failure to reconnect private sewer line after replacing main sewer line); *Smith v. Johnston*, 591 P.2d 1260 (Okla.1978) (negligent installation of electrical wiring). Where the negligent repair causes damages or a hazard which is hidden, the two-year statute of limitations does not begin to run until the property owner "learn[ed] or, in the exercise of reasonable care and diligence should have learned of the harm through discovery of the hazardous condition caused by the hidden defect." *Smith*, 591 P.2d at 1263. Whether the "hidden" layers of shingles on Homeowner's residence constituted a hidden defect is a matter for the trial court on remand.

¶ 10 The trial court erred by summarily disposing of Homeowner's tort claims against Agent and Insurer by applying the statute of repose. Those decisions are reversed. In doing so, this Court expresses no opinion as to the merits of Homeowner's claims. On remand the trial court is directed to apply the two-year statute of limitations found at section 95 (Third) of title 12 subject to the discovery rule.

¶ 11 SUMMERS, C.J., HODGES, LAVENDER, WATT, and BOUDREAU, JJ., concur.

¶ 12 HARGRAVE, V.C.J., KAUGER, and WINCHESTER, JJ., dissent.