2015 OK CIV APP 95

**Robert Kirk WAITS, Individually, Plaintiff/Appellant,**

**v.**

**VIERSEN OIL & GAS CO., an Oklahoma Corporation, Defendant/Appellee.**

No. 113,970.

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 4, 2015.

Gary L. Richardson, Charles L. Richardson, Melissa A. East, Richardson Richardson Boudreaux, Tulsa, OK, for Plaintiff/Appellant.

Craig W. Hoster, Susan E. Huntsman, Allison E. Osborn, Crowe & Dunlevy, Tulsa, OK, and Brian C. Johnson, William B. Ingram, Strong & Hanni, PC, Salt Lake City, UT, for Defendant/Appellee.

P. THOMAS THORNBRUGH, JUDGE.

¶ 1 Plaintiff, Robert Waits, appeals the decision of the district court finding that a bona fide dispute exists regarding his wage claim against Viersen Oil & Gas Co. (Viersen). This appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp.2014, ch. 15, app. 1, and the matter stands submitted without appellate briefing. On review, we find that this question is not independently justiciable because the underlying wage claim has been dismissed. Hence, we dismiss this appeal.

### BACKGROUND

¶ 2 In early 2011, Waits was fired from his position as vice president of Viersen. In August 2011, Waits filed suit against Viersen, alleging, among other issues, that he had been fired without cause, and hence was entitled to a severance payment equivalent to five percent of the value of all issued and outstanding shares of Viersen. Waits sought a doubling of this claim pursuant to 40 O.S. 2011 § 165.3, alleging there was no bona fide dispute as to his entitlement to the severance payment. Viersen responded that Waits had been fired for cause and therefore was not entitled to the severance payment. Viersen also raised counterclaims against Waits.

¶ 3 In November 2013, Viersen filed a motion for partial summary judgment arguing, in part, that there was a bona fide dispute whether Waits had been fired for cause, and hence Waits was not entitled to a doubling of his claim pursuant to 165.3. The district court granted this motion. Waits then dismissed his remaining claims without prejudice, and Viersen dismissed its counterclaims. Waits now appeals the district

court's denial of the 165.3 damages enhancement.

### STANDARD OF REVIEW

¶ 4 "This Court is duty bound to inquire into its own jurisdiction and the jurisdiction of the court below from which the case came by appeal. This duty exists even if it is not raised by the parties." *Hall v. GEO Grp., Inc.*, 2014 OK 22, ¶ 12, 324 P.3d 399 (footnotes omitted).

### ANALYSIS

### I. THE INTERPRETATION OF 165.1 *et seq.*

¶ 5 Title 40 O.S.2011 § 165.1(4) defines "wages" as follows:

"Wages" means compensation owed by an employer to an employee for labor or services rendered, including salaries, commissions, holiday and vacation pay, overtime pay, severance or dismissal pay, bonuses and other similar advantages agreed upon between the employer and the employee, which are earned and due, or provided by the employer to his employees in an established policy, whether the amount is determined on a time, task, piece, commission or other basis of calculation;

In this case, Waits claims he was entitled to a payment equivalent to five percent of the value of the Viersen shares if he was discharged from employment without cause. This clearly falls under the "severance or dismissal pay" provision of 165.1(4).

¶ 6 Section 165.3(A) of the same title provides, "Whenever an employee's employment terminates, the employer shall pay the employee's wages in full, less offsets and less any amount over which a bona fide disagreement exists . . . ." This section further provides, at subsection (B):

If an employer fails to pay an employee wages as required under subsection A of this section, such employer shall be additionally liable to the employee for liquidated damages in the amount of two percent (2%) of the unpaid wages for each day upon which such failure shall continue after the day the wages were earned and

due if the employer willfully withheld wages over which there was no bona fide disagreement; or in an amount equal to the unpaid wages, whichever is smaller; . . . .

¶ 7 To sum up this statutory section, it adds, *as an additional recovery/enhancement* to the wage claim, of either two percent per day of the wages due or the amount of wages due to the plaintiff, whichever is smaller.[1] Hence, if there is no bona fide dispute, the employer must pay the lesser of twice the wages due, or the wages due plus two percent per day interest. This award, however, does not appear to be *independent* of the underlying wage claim. It acts as an additional award *if* the plaintiff is successful in the underlying wage dispute, *and* there was no bona fide dispute that the wages were due. In this case, we have no decision that the underlying wages in dispute were or were not due. We therefore must examine whether the finding of a bona fide dispute is a final order that is appealable.

### A. Is An Order Finding or Denying a Bona Fide Dispute a Final Order?

¶ 8 Title 40 O.S.2011 §§ 165.1 through 165.4 are relatively recent statutes, and case law examining them is sparse. Our concern regarding whether a finding of a bona fide dispute is justiciable as a final order arises because the finding appears to decide only the availability of liquidated damages *as an enhancement* to a judgment that *does not yet exist and may never exist.*

¶ 9 We find it clear in the context of the statute that a finding of *no* bona fide dispute acts as a final order, because the inherent effect of such a finding is that both wages and additional liquidated damages were due. However, a finding *of* a bona fide dispute neither determines that wages were due nor determines they were not. It determines that the issue of wages due remains to be litigated. The effect of the finding is that, *if* the plaintiff wins the wage dispute, no enhancement will be added to the wages recovered. The finding of a bona fide dispute therefore merely eliminates a theory of recovery that is *entirely contingent upon a wage award being made.* "A judgment is the final determination of the rights of the parties in an action." 12 O.S.2011 § 681. No final determination has been made in this action.

### B. Can a Question of Entitlement to Enhanced Damages Be Rendered Appealable by Dismissing the Underlying Claim?

¶ 10 Normally, a summary judgment eliminating one theory of recovery, in this case contingent liquidated damages, is not an appealable order. We noted, however, in *Raven Resources, L.L.C. v. Legacy Bank,* 2009 OK CIV APP 101, 229 P.3d 1273, that when the trial court adversely adjudicates fewer than all of a plaintiff's theories of recovery and the plaintiff voluntarily dismisses the un-adjudicated theories, the prior order becomes final and subject to appeal. It is an increasingly common practice for plaintiffs to dismiss viable claims without prejudice in order to create appellate jurisdiction over an interlocutory decision that is not otherwise ripe for appeal.[2] This appears to be what has occurred in this case. Waits has dismissed his underlying wage claim, and Viersen has dismissed its counterclaims, and Waits now appeals the question of whether an enhancement of the wage claim could be part of the final judgment in this case.

¶ 11 The rule of *Raven Resources* is clear that when all remaining theories are dismissed, a theory of recovery that was summarily adjudicated becomes the *sole issue* in the case, and the interlocutory summary judgment therefore becomes appeal-

---

1. In this case, the enhanced damages would constitute a doubling of the claimed severance payment, as the two percent enhancement equals the total wages due approximately 50 days after termination. The effect of this provision may raise doubt about whether the legislature intended the statute to double corporate severance or bonus payments, potentially running to millions of dollars, as "wages" fifty days after termination. However, we find no Supreme Court case limiting the application of this remedy enhancement.

2. *See, by example, Patel v. Tulsa Pain Consultants, Inc., PC,* 2015 OK CIV APP 45, ¶ 18–25, 348 P.3d 1117.

able. However, given that the summarily adjudicated theory becomes the *sole issue* in the case, this rule inherently requires that the summarily adjudicated theory be *a viable independent theory of recovery*, i.e., not a theory that requires another claim to become viable.[3]

■ ¶ 12 Although we find no case law discussing appealable orders related to 165.1 through 165.4, we find parallels in other cases.[4] We find it clear that enhancements to damages are not viable as the *sole claim* in a suit. This theory becomes viable *only when paired with a second theory claiming that damages are warranted in the first instance.* The suit is not justiciable without the prerequisite claim being at issue or decided.

¶ 13 In this case, the theory necessary as a prerequisite to double damage—*i.e.*, that wages were due in the first instance—has been dismissed. The remaining theory—for an enhancement of damages for unpaid wages—is not an independent theory of re-

covery. We therefore find that no justiciable claim currently exists in this case, and we have no appellate jurisdiction to consider this issue.

## CONCLUSION

¶ 14 An order denying a damages enhancement is not, in itself, an appealable order, nor may it become one if the underlying damages claim is dismissed. As such, we find no appealable order, and no jurisdiction to hear this appeal.

¶ 15 APPEAL DISMISSED.

RAPP, P.J., and WISEMAN, J. (sitting by designation), concur.

---

**3.** The theories in question in *Raven Resources* were claims that a bank had engaged in unsafe and unsound banking practices and facilitated money laundering. These were independent theories of recovery, even though they may have sought damages for the same acts as some of Raven's dismissed claims. In *Kraszewski v. Baptist Medical Center of Oklahoma, Inc.,* 1996 OK 141, 916 P.2d 241, the Supreme Court noted the difference between independent torts and mere theories of damages, noting that negligent infliction of emotional distress is not an independent theory of recovery separate from the underlying claim of actionable negligence, while intentional infliction of emotional distress is an independent theory of recovery. *See also Nelson v. Am. Hometown Pub'g, Inc.,* 2014 OK CIV APP 57, ¶ 17, 333 P.3d 962 (cert. denied May 19, 2014) (negligence is not an independent tort theory in a libel case, as negligence is an element of libel against a private figure).

**4.** This case can perhaps be most closely analogized to an attempt to render an interlocutory judgment on the availability of punitive damages appealable by dismissing the underlying tort claim.